UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22 CR 00639 MTS/SRW |
| | ) | |
| MOREION LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nathan Chapman and Angie E. Danis, Assistant United States Attorneys for said District, and move this Court to order the defendant detained pending trial, and further requests that a detention hearing be held at the time defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq., and per current guidance from the Court.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Presumption of Detention

1.  The defendant is charged with conspiracy to commit murder for hire and the substantive offense of murder for hire, in violation of Title 18, United States Code, Sections 2 and 1958. These offenses carry a mandatory life sentence or the possibility of the death penalty upon conviction. As such, there is a presumption of detention pursuant to Title 18, United States Code, Section 3142(f)(1)(B) (an offense for which the maximum sentence is life imprisonment or death).

## The Nature and Circumstances of the Offense

2.      Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense is a controlled substance offense or a crime of violence. The instant offense is a crime of violence. This Court should consider that defendant Lindsey picked the victim up from the airport and drove him to Penrose Park, where the victim was immediately murdered. Lindsey then photographed the victim's body for the purpose of providing proof of the victim's death to his co-defendant. Lindsey then instructed a paramour to falsely report to police that the vehicle he was driving had been stolen.

## The Weight of the Evidence Against the Defendant

3.      Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant. The Government submits that the weight of the evidence against the defendant is strong. The defendant specifically picked up victim Titus Armstead at the airport in St. Louis for the sole purpose of carrying out Armstead's murder, which occurred within an hour of the pickup. The evidence in this case is supported by surveillance footage, cellular telephone location data, social media account information, telephone toll analysis, search warrants and seizures, as well as data extracted from the forensic examination of several electronic devices.

## The History and Characteristics of the Defendant

4.      In 2008, the defendant was sentenced to 10 years in the Missouri Department of Corrections upon conviction for an Assault 1st Degree and Armed Criminal Action charges. While incarcerated, the defendant incurred several violations then, while on parole for said offense, the defendant committed a new offense and was charged as being a felon in possession of a firearm in the Eastern District of Missouri in 2016. The defendant plead guilty to said charge in 2017 and

was sentenced to 30 months in the Bureau of Prisons, to be followed by three (3) years of Supervised Release.

## The Nature and Seriousness of the Danger to the Community

5.      The defendant, acting on orders from his co-defendant and others, picked up the victim from the airport and drove him immediately to his death. That same night, he then accepted a large amount of cash as payment for his role in the homicide. It is difficult to imagine a greater threat to the community.

## Risk of Flight

6.      There a serious risk that the defendant will flee because he is facing a significant sentence in this case, based on the severity of the charges alone.

## Conclusion

7.      The government submits that when considering all of the factors outlined in Title 18, United States Code, Section 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the community as well as the appearance of the defendant.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Angie E. Danis*
NATHAN CHAPMAN, #60978MO
ANGIE E. DANIS, #64805MO
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of November, 2022, I filed a true and correct copy of the foregoing electronically with the Clerk of the Court, to be served by way of the Court's electronic filing system upon the attorney for the defendant.

*/s/ Angie E. Danis*
ANGIE E. DANIS, #64805MO
Assistant United States Attorney