UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CR-639-2 MTS (SRW) |
| ) | |
| MOREION LINDSEY, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Require the Government to Reveal any Deal, Agreement or Understanding with any Potential Prosecution Witness or Informer (ECF No. 84) and Motion to Require the Government to Disclose Grand Jury Testimony (ECF No. 87). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The Court will deny the motions.

**I.      BACKGROUND**

On November 16, 2022, a grand jury indicted Defendant, along with his co-defendant Ray Bradley, on one count of conspiracy to commit murder for hire and one count of murder for hire. Although Defendants were eligible for the death penalty due to the nature of the crimes charged, in March 2023, the Government informed the Court that it would not seek the death penalty against either Defendant. Defendant then asked for several extensions of time to file pretrial motions due to the complex nature of the case. In April 2024, Defendant filed two motions to suppress, as well as a motion to require the government to disclose any deals or agreements with potential witnesses and a motion to disclose grand jury testimony.

## II. DISCUSSION

### A. Motion for Disclosure of Plea Agreements, etc.

Defendant asks the Court to require "the Government to reveal to Defendant any deals, agreements, plea bargain agreements, proffer agreements, understanding or inducements including, but not limited to, any grant or promise of official or unofficial immunity, leniency, recommendation, payment, or offer made between the Government and any witnesses the Government intends to call at any stage in this cause, in exchange for his/her testimony." Defendant also asks for all statements or reports of interviews and grand jury testimony of each potential witness, whether the Government intends to actually call them as a witness or not.

The Government has disclosure obligations under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "Under Brady and its progeny, prosecutors have a duty to disclose to the defense all material evidence favorable to the accused, including impeachment and exculpatory evidence." *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016) (citing *Kyles v. Whitley*, 514 U.S. 419, 432-34 (1995); *United States v. Bagley*, 473 U.S. 667, 676 (1985)). The duty to disclose encompasses impeachment evidence, exculpatory evidence, and evidence affecting witness credibility, where the witness's "reliability" is likely "determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Bagley*, 473 U.S. at 676. The Government also has a duty to disclose any prior statements of witnesses pursuant to the Jencks Act, 18 U.S.C. § 3500.

However, neither *Brady* and its progeny, nor the Jencks Act requires disclosure at this time. The Government does not have to disclose *Brady* material at any particular time, "as long as ultimate disclosure is made before it is too late for the defendant to make use of any benefits of the evidence." *Nassar v. Sissel*, 792 F.2d 119, 121 (8th Cir. 1996); *see also United States v.*

2

*Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). As for Jencks Act material, the Government is not required to disclose the prior statements of a witness until the witness has testified on direct examination in the trial. 18 U.S.C. § 3500(a). The Court does not have the authority to order disclosure of Jencks Act material before that time. *See United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *United States v. Streeter*, 2022 WL 34660 at *3 (E.D. Mo. Jan. 4, 2022). For this reason, the Court will deny Defendant's Motion for Disclosure.

    **B.**    **Motion for Disclosure of Grand Jury Testimony**

Defendant seeks disclosure of all grand jury testimony concerning this case arguing he needs the testimony to prepare for trial, understand the charges, and properly investigate the matter.

The Supreme Court has long recognized "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). When a defendant requests disclosure of grand jury materials, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows the Court to authorize the disclosure if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." In order for the Court to allow such a disclosure, the defendant must establish a "particularized need" for the information. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) (citing *United States v. Proctor & Gamble*, 356 U.S. 677, 683 (1958)). "A long line of cases in this Circuit note that 'a bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement.'" *Id.* (quoting *United States v. Warren*, 16 F.3d 247, 283 (8th Cir. 1994)).

3

To demonstrate a particularized need, a party must show the disclosure is "(1) required to avoid possible injustice in a different judicial proceeding, (2) greater than the need for continued secrecy, and (3) specifically directed at the material required." *United States v. McDougal*, 559 F.3d 837, 840-41 (8th Cir. 2009) (citing *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988)). Witness transcripts are entitled to the greatest protection under Rule 6(e). *In re Grand Jury Investigation*, 55 F.3d 350, 354 (8th Cir. 1995). "The requisite showing of particularized need varies with the circumstances of each case." *In re Grand Jury Investigation Relative to Perl*, 838 F.2d at 306.

Defendant has not established a particularized need for the grand jury materials. Nor has he identified the specific grand jury materials he needs. General requests with a bare allegation that grand jury materials are necessary is not sufficient. The Court will deny Defendant's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Require the Government to Reveal any Deal, Agreement or Understanding with any Potential Prosecution Witness or Informer (ECF No. 84) is **DENIED**.

**IT IS FURTHER ORDERED** Defendant's Motion to Require the Government to Disclose Grand Jury Testimony (ECF No. 87) is **DENIED**.

So Ordered this 22nd day of August, 2024.

_____
**STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE**